IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| IN RE:<br>GARY LEE ENZLER,<br><br>Petitioner, | Cause No. CV 24-82-H-DWM<br><br>ORDER |

This matter comes before the Court on Petitioner Enzler's filing. Although he did not utilize the Court's standard form, the document references his illegal conviction and actual innocence. (Doc. 1 at 1.) Accordingly, it is presumed he intends to proceed pursuant to 28 U.S.C. § 2254, the federal habeas corpus statute. Enzler has not moved to proceed in forma pauperis, nor has he paid the filing fee. Because there is no reason to delay this matter further, the Court will assume he is unable to pay the filing fee.

Enzler challenges a 2011 Sexual Assault conviction handed down in Montana's First Judicial District, Lewis and Clark County. *See generally* (Doc. 1.) With the assistance of counsel, Enzler has already litigated one habeas petition to conclusion. *See Enzler v. Fender*, No. CV 16-100-H-DLC-JTJ (D. Mont. filed Oct. 26, 2016). This Court lacks jurisdiction to consider another. Moreover, Enzler has been informed of this jurisdictional bar on a prior occasion. *See Enzler v. Attorney General*, No. CV 20-34-H-DLC, Ord. (D. Mont. filed May 27, 2020).

1

Enzler must persuade the Ninth Circuit Court of Appeals to permit him to file another petition in this Court. *See* 28 U.S.C. § 2244(b)(3); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Until he does so, this Court lacks jurisdiction to hear a second or successive challenge to Enzler's judgment of conviction.,

To the extent Enzler intends to make any new arguments in his successive petition, he may attempt to present those arguments to the Court of Appeals. As it stands, his present petition is an unauthorized successive petition and must be dismissed for lack of jurisdiction. *Burton*, 549 U.S. at 149.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability will be denied because there is no doubt this

Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

## ORDER

1. Enzler's Petition (Doc. 1) is **DISMISSED** for lack of jurisdiction. Absent leave from the Ninth Circuit, Enzler should refrain from making further challenges to his 2011 judgment of conviction, via § 2254 petitions filed in this Court.

2. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 19th day of November, 2024.

_____
Donald W. Molloy, District Judge
United States District Court